## AMOS FEARS v. THE STATE.

### No. 3636. Decided June 23, 1915.

**1.—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence, although conflicting, sustained the conviction, there was no reversible error.

**2.—Same—Motion for New Trial—Bill of Exceptions.**

Where the court's ruling was correct in overruling the motion for a new trial, a bill of exceptions to the action of the court presents no error.

**3.—Same—Other Offenses—Election by State.**

Where, upon trial of a violation of the local option law, defendant requested a charge withdrawing from the jury the evidence tending to establish three sales of whisky on the same day, for the reason that he was being tried for one crime only, which the court refused because it came too late, there was no reversible error, although it would have been proper if the court's attention had been called thereto in time to have required the State's counsel to elect; besides, the matter inured to defendant's benefit.

**4.—Same—Newly Discovered Evidence.**

Where the motion for new trial on the ground of newly discovered evidence met none of the requirements of the statute, it was correctly overruled. Following Gray v. State, 65 Texas Crim. Rep., 204, 144 S. W. Rep., 283.

Appeal from the County Court of Sabine. Tried below before the Hon. J. B. Lewis.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*W. R. Cousins,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—Appellant appeals from a misdemeanor conviction, with the lowest penalty assessed, for a violation of the law prohibiting the sale of intoxicating liquor in prohibition territory.

The complaint and information charge an unlawful sale of intoxicating liquors by appellant to John Bostic, on or about January 10, 1915. John Bostic, for the State, on direct examination, testified:

"My name is John Bostic. I live in Pineland, Sabine County, Texas. On the 10th day of January, A. D. 1915, I bought three half pints of whisky from the defendant, Amos Fears (points him out). I bought one half pint about 10 o'clock in the morning, and another half pint about 2 o'clock in the evening, and about 2:30 in the evening I went back and bought another half pint. I paid 65 cents in Pineland checks for each of the half pints. I paid for each as I got it. The whisky was in half-pint bottles. This all occurred in Sabine County, Texas."

Appellant denied any sale to Bostic, and claimed that Bostic stole the whisky from him. His testimony, if believed, would have been sufficient for the jury to have acquitted him. Likewise, it was ample on the State's side, if believed by the jury, to have convicted him. The State's side evidently was believed by the jury. Both sides agreed that prohibition was carried and in force in said county prior to the time the law made such an offense a felony.

Appellant made a motion for a new trial on several grounds and took a bill of exceptions to the court's overruling it. There was no error in the ruling.

Appellant requested a charge withdrawing from the jury the evidence tending to establish the three sales of whisky for the reason that he

was being tried for one crime only.  The court refused this because, he said, it came too late.  If in time it would have been proper for the court to have required the county attorney to elect which one of the three sales proven he sought the conviction in this case upon, but not having done so, it inured to his benefit, because this trial and conviction could be successfully plead as former jeopardy, and the conviction in this case would prevent his trial and conviction for either of the other offenses committed on the same day, as we hold in his companion case this day decided.

The only other question is one ground of appellant's motion for new trial claiming a new trial on the ground of newly discovered evidence. Neither he nor any other swears even to his motion, and the affidavit of the party from whom he claims the newly discovered evidence could be had, makes no affidavit whatever.  The motion meets none of the requisites required to authorize or require a new trial on this ground. Gray v. State, 65 Texas Crim. Rep., 204, 144 S: W. Rep., 283; sec. 1149, White's Ann. C. C. P.

The judgment is affirmed.                                      *Affirmed.*