## W. H. WALLACE v. THE STATE.

### No. 5871.   Decided June 23, 1920.

**1.—Forgery—Name of Injured Party—Statement of Facts.**

In the absence of a statement of facts, the motion to quash on the grounds that the check or draft alleged to have been forged was described as the act of J. Bickerell, whereas the name of J. W. Bicknell is signed to the instrument introduced in evidence, and that there is a variance between the names alleged and proved cannot be considered on appeal.

**2.—Same—Motion to Postpone—Affidavit—Bill of Exceptions.**

Where the alleged motion to postpone or continue the case was not sworn to by defendant or anyone else, the same cannot be considered; besides, this should have been reserved by bill of exceptions.

**3.—Same—Evidence—Practice on Appeal—Bill of Exceptions.**

Where the motion for new trial states that the court erred in admitting testimony, but this is not verified by bill of exception, the same cannot be considered on appeal.

Appeal from the District Court of Bexar.   Tried below before the Honorable W. S. Anderson.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—The jury allotted appellant two years in the penitentiary for forgery.

The indictment contains two counts, one for forgery and the other for passing the alleged forged instrument.

Motion to quash on the ground that the check or draft was described as the act of J. Bickerell, whereas the name of J. W. Bicknell is signed to the instrument, and that there is a variance between the allegation and the facts, was overruled.   The indictment alleges the name of Bickerell and not Bicknell.   If there was developed on the trial that Bicknell and not Bickerell was the forged name, it is not made to so appear by the record.   If such was the case there would be a fatal variance.   The facts have not been sent with the record, therefore we are unable to determine that question.

There was a motion made to postpone or continue the case.   This was not sworn to by appellant, or any one for him.

Nor was exception reserved to the court's refusal to grant the application.   Refusal to continue or postpone must be verified by bill

of exceptions in order to authorize this court to review the ruling of the trial court.

The record does not contain any bills of exception to rulings of the trial court. The motion for new trial states the court erred in admitting testimony, but this is not verified by bills of exception.

.The record presents no reversible error. The judgment is affirmed.

*Affirmed.*