Tex. Cr. R. 620, 138 S. W. .611; White v. State, 68 Tex. Cr. R. 147, 151 S. W. 826; Goss v. State, 202 S. W. 956; Hayes v. State, 204 S. W. 330.

[2] In the instant case the judgment shows that the fine entered against appellant was $100. In the recognizance the fine is described as "one hundred." It is essential that the recognizance comply with the law; otherwise it would be inadequate to support a judgment forfeiting bail.

Under the facts and the law, we are constrained to sustain the motion of the state, and the appeal is accordingly dismissed.

## On Motion for Rehearing.

[3] The order heretofore entered, dismissing the appeal, is set aside upon the motion of appellant, accompanied by a proper recognizance. On the merits of the case the conviction is for unlawfully carrying a pistol on and about his person. He was previously convicted of an assault in an indictment charging that he did "then and there, while unlawfully carrying on and about his person a pistol, with the said pistol in and upon Willie Bell make an assault." The occasion upon which the assault was made was the same as that upon which the present conviction is had. The contention is urged that the conviction for the assault bars this prosecution for unlawfully carrying a pistol. The indictment in the assault case charged the offense awkwardly, and included therein surplusage; that is, "while unlawfully carrying on and about his person a pistol" was not necessary. The indictment, however, we think, did not charge the appellant with the offense of unlawfully carrying a pistol, but in describing the occasion charges with unnecessary particularity that it was done while he was unlawfully carrying one. The offenses are different, punished with different penalties, and that of unlawfully carrying a pistol is not included in the statutory offense of an assault. An assault may be made with a pistol unlawfully carried. We have a statute expressly so declaring. See Vernon's Texas Crim. Statutes, vol. 1, art. 1024a.

The case of Nichols v. State, 37 Tex. Cr. R. 616, 40 S. W. 502, was one in which the prosecution was for unlawfully carrying a pistol. The plea of former conviction for rudely displaying a pistol was stricken out, and the ruling sustained. So in Burns v. State, 36 Tex. Cr. R. 606, 38 S. W. 204, the propriety of a double conviction was recognized, where one was charged with unlawfully carrying a pistol, and also charged on the same occasion with carrying it within a prohibited distance of a polling place during an election. In Woodroe's Case, 50 Tex. Cr. R. 212, 96 S. W. 30, the ruling was that a plea of former acquittal of an assault with intent to murder was not available in bar of a prosecution

for unlawfully carrying a pistol upon the same occasion. In Ford's Case, 56 S. W. 918, the plea of former conviction charged that the appellant had been "convicted of an assault with intent to murder, * * * and that the carrying of the pistol was a part of this transaction; that is, he had the pistol, and used it in said assault." This plea as a bar to the prosecution for carrying the pistol was rejected.

Our attention has been drawn to no authorities supporting the view of appellant. Those we have cited we regard as analogous, and in our judgment the reasons expressed in them, controlling their rendition, support the ruling of the trial court.

The former judgment dismissing the appeal is set aside, the motion for rehearing granted, and the judgment affirmed.

---

## WALLACE v. STATE. (No. 5871.)

(Court of Criminal Appeals of Texas. June 23, 1920.)

**1. Criminal law �köⱦ1116—Variances must be shown by record.**

A conviction for forgery cannot be reversed for variance between the forged name as alleged in the indictment and the name signed to the instrument, where the record does not show what name was signed to the instrument.

**2. Forgery ⊙⊷34(8) — Difference between "Bickerell" and "Bicknell" as forged name is fatal variance.**

There is a fatal variance between an indictment charging forgery of the name "Bickerell" to a check and proof that the name forged was "Bicknell."

**3. Criminal law ⊙⊷603(2)—Motion to continue must be sworn to.**

A conviction will not be reversed for denial of a motion to continue or postpone which was not sworn to by accused or by any one for him.

**4. Criminal law ⊙⊷1090(7)—Refusal to continue not reviewable without bill of exceptions.**

The refusal to continue or postpone a criminal trial must be verified by bill of exceptions to authorize review of the ruling on appeal.

**5. Criminal law ⊙⊷1090(8)—Error in admitting evidence must be shown by bill of exceptions.**

A conviction cannot be reversed for error in admitting testimony where the record does not contain bill of exceptions to the rulings of the trial court, though the motion for new trial charged error in admitting testimony.

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

W. H. Wallace was convicted of forgery, and he appeals. Affirmed.

---

⊙⊷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Alvin M. Owsley, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. The jury allotted appellant two years in the penitentiary for forgery.

The indictment contains two counts, one for forgery, and the other for passing the alleged forged instrument.

[1, 2] Motion to quash on the ground that the check or draft was described as the act of "J. Bickerell," whereas the name of "J. W. Bicknell" is signed to the instrument, and that there is a variance between the allegation and the facts, was overruled. The indictment alleges the name of "Bickerell," and not "Bicknell." If there was developed on the trial that "Bicknell," and not "Bickerell," was the forged name, it is not made to so appear by the record. If such was the case, there would be a fatal variance. The facts have not been sent with the record; therefore we are unable to determine that question.

[3] There was a motion made to postpone or continue the case. This was not sworn to by appellant, or any one for him.

[4] Nor was exception reserved to the court's refusal to grant the application. Refusal to continue or postpone must be verified by bill of exceptions in order to authorize this court to review the ruling of the trial court.

[5] The record does not contain any bills of exception to rulings of the trial court. The motion for new trial states the court erred in admitting testimony, but this is not verified by bills of exception.

The record presents no reversible error. The judgment is affirmed.