ROY INNESS V. THE STATE.

No. 10351.   Delivered December 15, 1926.

Rehearing denied April 27, 1927.

**1.—Driving Auto While Intoxicated—Indictment—Held Sufficient.**

Where an indictment charged appellant with driving and operating an automobile, while under the influence of intoxicating liquor, upon a public street, to-wit: *the public square*, etc., same was sufficient.   A "street" is defined to be a public thoroughfare or highway in a city, town or village. That part of a public square, used by the public, is a public highway.   It follows that a public street or public square are one and the same.

ON REHEARING.

**2.—Same—Circumstantial Evidence—Charge On—Not Called For.**

Where appellant was seen driving an automobile on the public square in the town of Center, and several witnesses who saw him testified that at that time, in the opinion of witnesses, he was drunk, a charge on circumstantial evidence was not necessary.

**3.—Same—Evidence—Of Drunkenness—Non-Expert May Give Opinion.**

"A non-expert witness may testify that the accused or some other person was intoxicated on a given date."   Drunkenness is of such common

occurrence that its recognition requires no scientific knowledge, and it is a well-settled general rule that a witness, not an expert, may give his opinion as to whether or not a person is intoxicated, when he has had the opportunity to observe the facts upon which he bases his opinion, and such testimony is not circumstantial, but is direct. See collation of authorities in opinion on rehearing.

Appeal from the District Court of Shelby County. Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction for driving an automobile while intoxicated, penalty a fine of $350.

The opinion states the case.

*Sanders & Sanders* of Center, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted in the District Court of Shelby County of unlawfully driving an automobile upon a public street while under the influence of intoxicating liquor, and his punishment assessed at a fine of $350.

The record in this case discloses that the appellant drove an automobile from the direction of Shelbyville street, in the town of Center, to a point in front of the courthouse and there stopped his car. He stopped his car on the public square across the street just opposite the courthouse on the east side of the square. At the time he was driving said car he was drunk.

The charging part of the indictment in this case reads as follows:

"Did then and there unlawfully, while under the influence of intoxicating liquors, drive and operate an automobile upon a public street within the limits of an incorporated town, to-wit: the public square, within the limits of the incorporated town of Center, Shelby County, Texas, against the peace and dignity of the state."

Appellant's first bill of exceptions complains that the trial court erred in not quashing the above indictment. The term public square is usually applied to land on which a courthouse is erected. In this state there are few county sites in which there is not set apart a certain block, part or parcel of land designated as the "public square," and they are generally intended as sites for the erection of courthouses. That part of a public square used by the public to move about on, either on

foot or in automobiles, buggies, wagons and other vehicles, constitutes and is a public highway. Bouvier defines a "street" as "a public thoroughfare or highway in a city or village." It follows, therefore, that a public street or public square are one, and the same, being used interchangeably and synonymously. We, therefore, hold that the learned trial judge was correct in overruling appellant's motion to quash said indictment.

Appellant's bill of exception No. 3 is nothing more nor less than a repetition of his objections and exceptions to the court's main charge. We have carefully reviewed such charge and find the same a correct enunciation of the principles of law involved in this case as well as a full and complete submission of all the issues raised by the facts.

There being no errors in the record and the facts being amply sufficient to support the verdict, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—A deputy sheriff testified that he saw the appellant driving his automobile upon the street. Quoting the witness, he said:

"I went out to his car. Roy was driving it, and at that time, he was drunk."

On cross-examination he said:

"I did not know what he was drinking. I judge he was drunk from his appearance, * * * and his breath. He had no whiskey there, but had some empty bottles."

On re-direct examination he said:

"I could tell the contents of the bottles from the smell. It smelled like 'jake.' These were soda-water bottles, and had had 'jake' or jamaica ginger in them. When he drove up there and stopped his car, he fell over on the steering wheel, and I could see that he was drunk. At that time I smelled his breath. From my experience as an officer, I would say he had been drinking 'shinney'."

Another witness, Wilson, testified that he saw the appellant and said that he was drunk. He said:

"Of my own knowledge, I could not say he was actually 'dog drunk,' but he was drunk; but I could tell he had been drinking

pretty heavily. I could smell his breath and tell he was drinking, but I don't reckon I could tell exactly what he had been drinking."

In his motion for rehearing, appellant earnestly contends that the case is one which depends upon circumstantial evidence alone. Circumstantial evidence is defined thus:

"It is evidence of more facts than one, which, in combination, create the presumption that still another fact exists."

See Bishop's New Crim. Proc., 4th Ed., Vol. 1, p. 672, Sec. 1073. A charge on circumstantial evidence is required when the state relies solely upon that character of evidence to secure a conviction. Hunnicutt v. State, 18 Tex. Crim. Rep. 489, and other cases collated in Michie's Encyc. Digest of Tex Crim. Rep., Vol. 4, p. 502.

In the present case the gist of the offense was the drunkenness of the accused while he was driving an automobile. The mere fact that he was driving an automobile would not take the case out of the law of circumstantial evidence. In the present instance, however, we do not think that the drunkenness was proved by circumstances alone. In Underhill's Crim. Ev., 3rd Ed., Sec. 278, it is said:

"A non-expert witness may testify that the accused or some other person was intoxicated on a given date."

This announcement is supported by many authorities collated in the note. Among them is the case of Commonwealth of Pennsylvania v. Eyler, 217 Pa. 512. This case is also reported in 11 L. R. A. (N. W.), p. 639, where will be found an exhaustive note, from which we quote:

"Since drunkenness is of such common occurrence that its recognition requires no peculiar scientific knowledge, and since it is practically impossible to describe the minute and peculiar appearance of a person, his acts, gestures, looks, and other indications of a state of sobriety, or of intoxication, thus making an expression as to whether or not a person is intoxicated, in effect a statement of a fact rather than a mere opinion as to the existence of a fact, it has been held as a general rule, without a single decision found to the contrary, that a witness not an expert may give his opinion as to whether or not a person is intoxicated, it naturally being understood that he had the opportunity to observe the facts upon which he bases his opinion."

The statement by each of the state's witnesses that the appellant was drunk is a statement of fact. The correctness of the conclusion or statement in the present case is tested by cross-

examination, and the surrounding facts, confirmatory of the main fact, were properly developed in order that the jury might determine the issue, that is, whether the presumption of innocence was overcome, but the development of the confirmatory circumstances did not, in our opinion, convert the present case into one depending alone upon circumstantial evidence.

The motion is overruled.

*Overruled.*