## T. L. WILLS v. THE STATE.

No. 12272.   Delivered January 30, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, robbery by assault; penalty, five years in the penitentiary.

Prosecuting witness was robbed at the point of a pistol of about $80.00 in money in the City of Houston by a man whom he identified as appellant.

Appellant presents the point that the trial court erred in overruling his second application for continuance on account of the absence of two witnesses by whom he alleges he could prove in substance that prosecuting witness had stated to them that he was not certain in his own mind that it was appellant that held a gun on him and took the money. The bill is qualified to show that the testimony was merely impeaching of the prosecuting witness and that it was stated when the case was called that one of the witnesses, who appears to be the only important one, was in the State of Oklahoma. It has been ofttimes held that a continuance sought to secure testimony which would only be available to impeach a witness who is to testify should ordinarily be refused. Rodgers v. State, 36 Tex. Crim. Rep. 563; Branch's P. C., Sec. 324. The Court was justified in overruling the motion on this ground and also on the ground of the lack of diligence. It appears, as aforesaid, that the witness was in Oklahoma at the time of the trial. In the statement of facts it appears that he was at Borger, Texas. Process seems to have been issued to Potter County, Texas, a county where it is not even alleged the witness ever resided. The motion is legally insufficient in other respects not necessary to set out.

It is further contended that a new trial should have been granted for newly discovered evidence. The motion for new trial setting up such matter is insufficient because sworn to before appellant's attorney, who is not authorized under the law to take such an affidavit. Garza v. State, 145 S. W. 590; Branch's P. C., Sec. 194. Moreover no affidavit of the witness who it is alleged would give such evidence is attached to such motion, nor is there any showing why the same was not so attached. This was necessary. Cotton v. State, 4 Tex. 260; Fears v. State, 178 S. W. 518; Branch's P. C., Sec. 197. The said motion for new trial is further insufficient in that only conclusions and opinions are stated as to the use of diligence. No facts are set out showing the use of proper diligence. Simms v. State, 1 Tex. Crim. App. 627; Branch's P. C., Sec. 198. It further appears that the alleged newly discovered testimony was impeaching only. Under such circumstances the discretion vested in the trial court to refuse to grant such a motion was not in our opinion abused and will not be revised on this appeal. Gibbs v. State, 1 Tex. Crim. App. 12; White v. State, 177 S. W. 95; Branch's P. C., Sec. 202.

It is asserted that the Court erred in permitting witnesses to testify to the bad reputation of appellant who "failed to qualify according to the standard required," it being shown that they had known

the appellant only a few weeks. The testimony of such witnesses was not set out and the bill presents nothing for review. However, we know of no rule of law which inhibits such testimony upon the ground stated. Their knowledge is confined to the general reputation of and not to their personal acquaintance with the appellant. A witness might be qualified to testify to the general reputation of an accused without ever having been acquainted with him in person. See Underhill's Criminal Evidence (Third Edition), Paragraph 378.

Believing the evidence sufficient and no errors appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.