## CARROLL SIMMONS V. THE STATE.

No. 22416. Delivered March 3, 1943.

The opinion states the case.

*E. B. Lewis* and *Dudley Davis*, both of Center, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the State penitentiary for a term of two years.

There are not any bills of exception nor a statement of facts in the record. Consequently, the only question presented for review is the sufficiency of the indictment. It contains three counts. The court submitted the case to the jury on the first count which, omitting the formal parts, reads as follows:

"That Carroll Simmons on or about the 25th day of April A. D., one thousand nine hundred and forty-two and anterior to the presentment of this Indictment, in the County of Shelby and State of Texas, did then and there unlawfully while intoxicated and while under the influence of intoxicating liquor, drive and operate a motor vehicle, an automobile upon a public highway of this state, to-wit, the public highway leading from Timpson to Center by Huber, and did then and there, in the execution of said unlawful act, through mistake and accident, kill W. A. McLemore by then and there driving said automobile into and causing it to collide with the automobile occupied by the said W. A. McLemore." etc.

Appellant in due time filed a motion to quash the indictment on the ground that it charged a misdemeanor and a felony in

the same indictment. He also challenged the jurisdiction of the District Court to try the case. This prosecution was based upon Art. 802c, P. C., which reads as follows:

"Any person who drives or operates an automobile or any other motor vehicle upon any public road or highway in this State, or upon any street or alley or any other place, within the limits of an incorporated city, town or village, while such person is intoxicated or under the influence of intoxicating liquor, and while so driving and operating such automobile or other motor vehicle shall through accident or mistake do another act which if voluntarily done would be a felony, shall receive the punishment affixed to the felony actually committed."

It is obvious that anyone driving an automobile along and upon a public highway while drunk or under the influence of intoxicating liquor and while in the performance of said act, by mistake or accident, kills another person, he is guilty of murder just as much so as if he had voluntarily killed the person. In our opinion, the indictment does not charge two offenses in the same count. It charged but one offense, to-wit; murder. The elements constituting this offense were properly charged in the language of the statute which is sufficient.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.