MARVIN E. KENDRICK V. STATE.

No. 25159. March 28, 1951.
Rehearing Denied May 9, 1951.

Hon. Sam B. Hall, Judge Presiding.

*Harvey P. Shead,* Longview, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted for murder without malice under Art. 802(c), Vernon's Ann. P.C., the indictment charging that while engaged in the operation of an automobile upon a public highway in Harrison County, by accident and mistake, he caused such automobile to collide with an automobile occupied by Martha Ann Hickey and thereby caused her death.

The accident occurred in Harrison County while appellant's car was traveling on its left side of the highway and the automobile in which the deceased was riding was being driven on its right side of said highway in the opposite direction. Miss Hickey died in a hospital at Longview, in Gregg County, as a result of the collision.

The state's witnesses testified that appellant was, in their opinion, under the influence of beer or intoxicating liquor at the time of the collision, while some of the witnesses offered by appellant tended to show that he was not drunk.

The jury resolved such issue against appellant, and the sufficiency of the evidence to sustain their finding is not challenged.

We find no objections to the court's charge in the record, but there are thirteen bills of exception, some of which complain of the charge.

Bill No. 1 complains of the overruling of appellant's motion for continuance based upon the absence of witnesses.

The motion for continuance was signed by appellant and sworn to before his attorney. Such an affidavit may not be con-

sidered. See Botts v. State, 111 Tex. Cr. R. 652, 13 S.W. 2d 846; Wills v. State, 111 Tex. Cr. R. 342, 13 S.W. 2d 380.

Bills of Exception 2 to 8, inclusive, are addressed to the court's charge, and each bill is qualified so as to show that no objection or exceptions were interposed to the charge as prepared and read to the jury. We find no error in the charge of a character which might be considered by this court in the absence of a timely objection.

Bill of Exception No. 9 complains that the witness Clark was permitted to testify that appellant was under the influence of intoxicating liquor without a proper predicate being laid therefor. This witness testified that after the accident he went up to appellant and looked at him; that he found beer scattered over the inside of appellant's car. He further testified on cross examination that he smelled intoxicating liquor on appellant's breath; that he based his conclusion that appellant was under the influence of intoxicating liquor on his actions, his talk and the fact that he smelled liquor.

A nonexpert witness may testify that the accused or some other person was intoxicated at a certain time.

Also, a witness not an expert may give his opinion as to whether or not a person is intoxicated if it be shown that the witness had the opportunity to observe the facts upon which he bases his opinion. See Inness v. State, 106 Tex. Cr. R. 524, 527, 293 S.W. 821.

The witness, according to his testimony, had the opportunity to observe appellant and no error is shown by this bill.

The remaining bills disclose no error and will be overruled without discussion.

The judgment is affirmed.

Opinion approved by the court.

## ON MOTION FOR REHEARING.

GRAVES, Presiding Judge.

The only question presented to us in the motion for rehearing is the insufficiency of the indictment, the charging part of which reads as follows:

"* * * that Marvin E. Kendrick on or about the 11th day of July, A.D., one thousand nine hundred and fifty and anterior to the presentment of this indictment, in the County of Harrison and State of Texas, did then and there unlawfully while intoxicated and under the influence of intoxicating liquor, drive and operate a motor vehicle, to-wit, an automobile, upon a public highway of this state, to-wit, the public highway leading from Hallsville to Longview, the said highway being designated U. S. Highway 80, and did then and there, in Harrison County, Texas, in the execution of said unlawful act, through mistake and accident, kill Martha Ann Hickey by then and there driving said automobile into and causing it to collide with the automobile occupied by her, the said Martha Ann Hickey, against the peace and dignity of the State."

This indictment is claimed to be fatally defective because it does not allege how or in what manner the deceased person was jarred, bruised, wounded, etc., or how her death was caused in such collision.

We are cited to the case of Houston v. State, 143 Tex. Cr. R. 460, 158 S.W. (2d) 1004, in which it seems that the indictment did allege that in such collision the body of the deceased was jarred and bruised, from which injuries she died. However, that matter appears incidental, and no ruling was had relative to the sufficiency or insufficiency of such allegations. We are also cited to the case of Simmons v. State, 145 Tex. Cr. R. 448, 169 S.W. (2d) 171, which seems to be identical with this cause as to the allegations in the indictment. No question was made in either of such decisions relative to the sufficiency of the indictment, but in each instance the indictment seems to have been upheld without any ruling thereon except that the case was finally decided on other matters. The Simmons case was affirmed under an indictment of exact identity with the one in this cause.

We also turn to Form No. 505, in Willson's Texas Criminal Forms (4th Edition), and find that the instant indictment conforms with that laid down by Judge Willson.

The motion for rehearing will be overruled.