The judgment of the Court of Civil Appeals is affirmed.

**Luis MONSEBAIZ, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 32888.**

Court of Criminal Appeals of Texas.

Feb. 18, 1961.

Rehearing Denied March 29, 1961.

Bonilla, Thomas & de Ases, Corpus Christi (Eduardo E. de Ases, Corpus Christi, of counsel), for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is robbery by assault; the punishment, 7 years.

Appellant was jointly indicted with Daniel Padilla and Andres Garcia, the indictment alleging that acting together they made an assault upon Reynaldo G. Martinez and by violence and by putting him in fear, took from him a wallet of the value of $3 and a wrist watch of the value of $40.

The undisputed evidence shows: Appellant and his codefendants went to a point on a dirt road at Casa Blanca Lake, in Webb County, in appellant's car and stopped beside a car in which Reynaldo G. Martinez and two girls were sitting. The fourth passenger was checking a flat tire. Appellant's coindictee Daniel Padilla had a rifle. He threatened to kill Martinez and his companions who were ordered to get out and lie down with their faces to the ground. Appellant dragged Martinez out of the car, made him lie down and took his wallet and his wrist watch while Padilla was holding the rifle at Martinez' back. Padilla broke the windshield of the Martinez car with the rifle. The girl companions of Martinez were blindfolded and made to get in the car driven by appellant, and appellant drove it away. Martinez and his male companion ran to a telephone and called officers. Appellant abandoned his car when officers overtook him. In his flight, appellant threw away the wallet taken from Martinez and another which he took from Martinez' companion. Later appellant pitched the wrist watch he took from Martinez up into a tree where it lodged.

Appellant then returned to his home in Corpus Christi, leaving his automobile. Some five days later, after an officer had conferred with a relative who agreed to produce him, appellant went to the sheriff's office and the wallet and wrist watch which he said he took from Martinez were recovered as a result of his statement as to where he had left them.

The evidence shows the value of the wallet and watch as alleged.

Appellant testified in his own behalf. His version of the robbery does not materially differ from the facts stated, some of which are taken from his testimony at the trial. It was his testimony, however, that he acted in the matter because of fear, and took the wallet and wrist watch only because he was told to do so by Padilla, who had the rifle, being in fear that Padilla would shoot him.

The jury, as was their province, rejected appellant's testimony in this regard. The evidence stated being sufficient to sustain their verdict, it is not deemed necessary to set out other evidence which tendered to refute appellant's claim.

Aside from the contention that the evidence was insufficient to sustain a finding that appellant acted together with his coindictees in the robbery, appellant's counsel

by brief and argument presents as ground for reversal two formal bills of exception.

■ Bill No. 1 complains that under the mandatory provisions of Art. 650, Vernon's Ann.C.C.P., his motion for severance should have been granted.

The trial judge qualified this bill of exception, certifying:

"Daniel Padilla, Andres Garcia, and Luis Monsibais, Jr., were indicted jointly for the offense of robbery by assault. The cause was first called for trial on April 20, 1960. At that time, V. G. Roel, attorney from Laredo, Texas, appeared in Court representing Daniel Padilla; and William D. Bonilla of the firm of Bonilla, Thomas and de Ases, of Corpus Christi, Texas, appeared in Court representing the defendants, Andres Garcia and Luis Monsibais, Jr. Two motions, filed by both sets of defendants, were before the Court for consideration: (1) a motion for continuance and (2) an application for severance.

"After a conference between defense attorneys and State's attorneys, it was announced to the Court that subject to the approval of the Court, the attorneys would agree, first, that the case against the three defendants be continued to the next term of Court, and that said continuance would be charged against the defendants, and, secondly, that all three defendants would be tried at the next term of Court at the same time and with the same jury, except that two different charges would be presented to the jury, one to apply to the defendant, Daniel Padilla, and the other charge to apply to the defendants, Andres Garcia and Luis Monsibais, Jr., and said agreement was reduced to a stipulation between attorneys and approved by the Court.

"The Court thereupon considered the application for severance as waived and did not act upon same, but relied upon the agreement and stipulation entered into between the parties in open Court.

"When the case was again called for trial on July 18, 1960, Mr. William D. Bonilla did not appear in Court, but his partner, Eduardo de Ases, appeared, representing Andres Garcia and Luis Monsibais, Jr., and Mr. V. G. Roel appeared representing Daniel Padilla. At that time, Mr. de Ases presented another motion for continuance, based on the absence of his partner, and when that motion was overruled by the Court, he again urged the application for severance, which was filed during the previous term. Whereupon, the Court reminded Mr. de Ases of the stipulation that had been made and the ruling of the Court in the following language:

" 'The Court: Yes, the stipulation was that the case would be continued, with the understanding that all three defendants would be tried together, with the same jury, but that there would be a severance, in that there would be two charges made, one charge relative to the defendant Padilla, and the other charge relative to Monsibais and Garcia, and your motion, in effect will be granted; however, they will be tried separately, but with the same jury. That was the stipulation, as I recall.' "

As qualified the bill shows no reversible error.

The application for severance filed on April 18 was not signed by appellant or sworn to by anyone. It made no reference to Padilla's testimony being material to his defense but merely requested that a severance be entered and that Padilla be tried first.

Padilla also filed application for severance and motion for continuance.

The agreement was then entered into and with the approval of the court the case

was continued, all three to "be tried at the next term of court at the same time and with the same jury, except that two different charges would be presented to the jury."

The law firm whose name appears as the maker of the application on behalf of appellant and Garcia, and Mr. Bonvilla who signed "of counsel" entered into the agreement mentioned and the court acted upon and approved it, thereby disposing of the motions for severance and motions for continuance.

Mr. Bonilla having left the state for a vacation one of his partners, Mr. de Ases sought a continuance, which was denied. He then sought to re-urge the application for severance filed at the previous term on April 18.

Texas Jurisprudence, Vol. 42, p. 36, Trial —Criminal Cases, Section 18, states that a party may not rely upon a motion for severance which was made at the previous term of court, and that a judgment will not be reversed where the application for severance is made orally.

Appellant challenges the correctness of the record wherein it is shown that the defendants were present when the stipulation that the defendants would be tried together, with the same jury, was agreed to in open court. He relies upon the fact that on April 20, when the agreement was approved and the case continued, it was made known to the court that appellant had contracted chicken pox and was not present but confined to his home.

The agreement or stipulation that the defendants would be tried together is shown to have been entered into in open court on April 18, at which time, according to the record, "all of the defendants were present in open court."

As to the subsequent motion for continuance presented when the case was called for trial at the next term, such motion is not found in the record.

■ Art. 545, V.A.C.C.P., provides that all applications for continuance on the part of the defendant must be sworn to by himself. There is nothing in the record evidencing a compliance with this statute, hence the overruling of such motion cannot be ground for reversal. Moses v. State, Tex.Cr.App., 328 S.W.2d 885; McGowen v. State, 163 Tex.Cr.R. 587, 290 S.W.2d 521; Wallace v. State, 87 Tex.Cr.R. 527, 222 S.W. 1104; Castillo v. State, 134 Tex. Cr.R. 217, 115 S.W.2d 413.

The judgment is affirmed.

On Appellant's Motion for Rehearing

DICE, Judge.

In his motion for rehearing, appellant re-urges his contentions that the court erred in overruling his application for severance and subsequent motion for a continuance.

In connection therewith, appellant has filed in this Court two motions for writs of certiorari to perfect the record praying that writs be issued commanding the court reporter to forward to this Court a statement of facts showing that appellant was not present in court on April 18th and April 19th, 1960 when it was stipulated that the case would be continued and appellant and his codefendants would be tried together, and directing the clerk of the trial court to forward to this Court, in a supplemental transcript, a copy of the motion for continuance filed by appellant in the cause.

We adhere to the rule stated in our original opinion that a party may not rely upon a motion for severance made at a previous term, and remain convinced that the court did not err in overruling such motion.

■ Attached to one of the motions for writ of certiorari, as an exhibit, is a certified copy of appellant's motion for continuance filed in the trial court. The motion for continuance reflects that it was sworn to by appellant before the attorney who represented him upon the trial and on this appeal. Such a motion is insufficient and the

court did not err in overruling the same. Reeves v. State, 145 Tex.Cr.R. 208, 167 S. W.2d 176; Kendrick v. State, 156 Tex.Cr. R. 97, 238 S.W.2d 964; and Gilbert v. State, 162 Tex.Cr.R. 290, 284 S.W.2d 906.

Under the record and in view of our disposition of the questions presented, the motions for writs of certiorari are refused.

The motion for rehearing is overruled.

Opinion approved by the Court.

WOODLEY, P. J., absent.