Randy Lee MIXON, Appellant,

v.

The STATE of Texas, Appellee.

No. 05-81-00446 CR.

Court of Appeals of Texas,
Dallas.

April 8, 1982.

Rehearing Denied May 17, 1982.

W. John Allison, Jr., Dallas, for appellant.

Gilbert P. Howard, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, VANCE and WHITHAM, JJ.

VANCE, Justice.

This is an appeal from appellant's conviction for burglary of a habitation for which the jury assessed punishment at life confinement in the Texas Department of Corrections. Appellant contends that the trial court erred in overruling his timely motion to quash the indictment for its failure to name the victim of the rape which followed his alleged felonious entry and that the indictment alleged two burglary offenses in a single paragraph. He also contends that the State reputation witnesses were not properly qualified to testify due to their inability to identify the appellant at trial. We overrule all of appellant's grounds, and consequently, affirm.

In the early morning hours of June 13, 1980, the appellant entered the study of Mrs. E——— and placed a gun to her head and said, "If you do what I tell you, I won't kill you." He took her engagement ring and necklace and then raped her at gun point. Apparently the sound of the laundry machine prevented either her husband or younger son sleeping in the other part of the house, from awakening. Appellant's fingerprints were matched to those obtained in the home and on various items stolen which were recovered following appellant's arrest. Mrs. E——— made a positive in-court identification of appellant as the burglar. Appellant did not testify before the jury at trial.

■■■ In his first ground of error, appellant contends upon the timely filing of his motion to quash the indictment that the State should have been required to designate the intended rape victim. Appellant was indicted for burglary under Tex. PENAL CODE ANN. § 30.02(a)(1) (Vernon 1974) alleging that entry was made with the intent to commit theft and the specific felony of rape.[1] For the offense of burglary it is not necessary to allege the elements of the theft or felony when the name of the specific offense given by the legislature is alleged. *Ex parte Cannon*, 546 S.W.2d 266 (Tex.Cr.App.1976); *see Ex parte Donohue*, 602 S.W.2d 265, 266 (Tex.Cr.App.1980); *Gonzales v. State*, 517 S.W.2d 785 (Tex.Cr. App.1975). Appellant's complaint that the indictment fails to furnish him with infor-

1. The pertinent part of the indictment is as follows:
[D]id unlawfully, intentionally, and knowingly enter a habitation without the effective consent of L——— E———, the owner thereof, and with the intent to commit rape and theft . . . .

mation sufficient to give him notice of precisely what he is charged to enable him to prepare his defense, and to protect appellant's right against double jeopardy, falls under the category of non-fundamental defect. *Drumm v. State,* 560 S.W.2d 944 (Tex.Cr.App.1977). Appellant properly presented this in his motion to quash which was overruled by the trial court.

An indictment must allege facts sufficient to give a defendant notice of precisely what he is charged. TEX.CODE CRIM. PRO.ANN. art. 21.11 (Vernon 1966). However, as noted in *May v. State,* 618 S.W.2d 333 (Tex.Cr.App.1981):

> [U]nless a fact is essential for notice to the defendant, the indictment need not plead the evidence relied on by the State, *Phillips v. State,* 597 S.W.2d 929 (Tex.Cr. App.1980), *Cameron v. State,* 401 S.W.2d 809 (Tex.Cr.App.1966), *Bedwell v. State,* 142 Tex.Cr.R. 599, 155 S.W.2d 930 (1941), and it is a rare exception when an indictment drawn in the language of the penal statute is legally insufficient to provide a defendant with notice of the charged offense. *Phillips v. State,* supra; *Parr v. State,* 575 S.W.2d 522 (Tex.Cr.App.1978); *Ames v. State,* 499 S.W.2d 110 (Tex.Cr. App.1973); *Lopez v. State,* 494 S.W.2d 560 (Tex.Cr.App.1973).

At 341. We decline to find appellant's indictment drawn in the language of the penal statute to be a "rare exception" to this rule.

Burglary as alleged in appellant's indictment is defined in TEX.PENAL CODE ANN. § 30.02(a)(1), in part provides:

> (a) A person commits an offense if, without the effective consent of the owner, he:
>
> (1) enters a habitation, ... with intent to commit a felony or theft;

The additional information requested by appellant in his motion to quash, the rape victim's name, is evidentiary and not required for the purposes of notice or plea in bar. The offense of burglary under art. 30.02(a)(1) is complete upon the act of entry with the intent to commit the named felony or theft, not the actual commission of the named felony or theft. *Johnson v. State,* 537 S.W.2d 16 (Tex.Cr.App.1976). Appellant was adequately aware of the offense charged, and what "intent to commit" he was alleged to have when he entered the habitation. The fact of the eventual victim's name is merely part of the circumstances of proof which might have been brought by the State to prove it's allegations in the indictment. We hold that the appellant had adequate notice to prepare his defense.

■ Furthermore, appellant may not complain on the ground that the alleged fact is necessary to serve as a bar to subsequent prosecution for the resulting rape for it is well established that where one commits burglary, and after the felonious entry he commits another offense, he may be prosecuted for both offenses, and neither prosecution is a bar to the trial for the other. *Houston v. State,* 556 S.W.2d 345 (Tex.Cr.App.1977); *Bingham v. State,* 523 S.W.2d 948, 949 (Tex.Crim.App.1975).

Appellant cites this court to the language in the capital murder case, *King v. State,* 594 S.W.2d 425 (Tex.Cr.App.1980) (en banc), in which the Court of Criminal Appeals in reversing stated:

> It is clear that when criminal *conduct, constituting an aggravated feature* of an offense may be directed at a person other than the ultimate victim of the crime alleged, the specification of the person is a fact to which the accused is entitled should he request it by timely filed written motion to quash .... (Emphasis supplied)

We do not find *King* or the subsequent following cases applicable to burglary. The *"intent"* upon which entry is made is a material element of burglary and not separate "criminal conduct, constituting an aggravated feature" of an offense. The trial court properly overruled appellant's motion to quash. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends that the indictment alleged two burglary offenses in a single paragraph thereby violating TEX.CODE CRIM.PRO. ANN. art. 21.24 (Vernon 1966). In bur-

glary, there are several ways or methods by which an offense may be committed set forth in the same statute, and those ways or methods are subject to the same punishment, therefore, they may be charged conjunctively in one count. *See Sidney v. State*, 560 S.W.2d 679, 681 (Tex.Cr.App. 1978) (en banc). Appellant's indictment alleged but one burglary offense; consequently, his second ground of error is overruled.

In his third ground of error, appellant contends that the State's reputation witnesses were not qualified to testify in view of their inability to identify the appellant in court. Appellant argues that a reputation witness should at least be able to demonstrate their knowledge of reputation by identifying the person about whom they are speaking. The record reflects that the witnesses established the proper predicate as to their knowledge of the appellant's general reputation in the community as a peaceful and law-abiding citizen. A witness need not be personally acquainted with the accused in order to speak as to his general reputation which the witness knows, since the opinion as to one's general reputation in the community is, by necessity, based on hearsay. *Frison v. State*, 473 S.W.2d 479 (Tex.Cr.App.1971); *Sanchez v. State*, 398 S.W.2d 117 (Tex.Cr.App.1965); *Wills v. State*, 111 Tex.Cr.R. 342, 13 S.W.2d 380 (1929). No error is shown in the admission of such testimony in the absence of showing that the witness had no knowledge of appellant other than facts of the case or that the witness had not spoken with members of the community concerning appellant's reputation. *Braxton v. State*, 528 S.W.2d 844, 846–847 (Tex.Cr.App.1975); *Stephens v. State*, 522 S.W.2d 924 (Tex.Cr. App.1975). The reputation witnesses' failure to identify the appellant did not render inadmissible their testimony. Appellant's third ground of error is overruled.

Affirmed.