JAMES COGDELL, *alias* W. M. WILSON V. THE STATE.

No. 20268. Delivered March 22, 1939.
Rehearing Denied May 17, 1939.

The opinion states the case.

*E. T. Adams, Glen Rose,* and *J. Rob. Griffin,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of felony theft, and given a term of five years in the penitentiary.

Appellant's bill of exceptions No. 1 complains of a remark made by the trial court who was attempting to clarify a situation as to dates and places wherein the court asked the witness the following question: "Were you there when they identified this car as being the Milam car?" Immediately upon an objection being made, the court instructed the jury to not consider the question asked by the court. It seems that there was no controversy as to the car being the Milam car, the only controversy being relative to whether or not the appellant had stolen the same. We do not think this inapt remark of the court could have seriously affected this case in any way.

Bill No. 2 complains of the district attorney asking the witness Koonsman if he had checked the numbers on the Milam car after its recovery, and of the court then asking this witness if he had checked the numbers at any other time, and the witness answering that he had checked such numbers at Jacksboro. It strikes us that such was but a preliminary matter of identification of this car, and the bill does not show what, if anything further, the witness said relative to such numbers or checking, nor whether such checking showed anything relatively helpful in this matter of identification. We see no error herein.

Bill of exceptions No. 3 complains of the argument of the district attorney before the jury wherein he is alleged to have said:

"Under the evidence in this case this defendant stole the car belonging to one of your good and substantial citizens, Mr. C. A. Milam, Sr., who has contributed more to the upbuilding and well being of this community than any other man."

Immediately upon an objection thereto the court instructed the jury not to consider such remarks of the district attorney. The court states in his qualification to such bill that every man on the jury was well acquainted with C. A. Milam, and knew more about him than did the district attorney. We do not think that such a casual statement, made in the heat of argument, could have any appreciable weight either one way or another in determining the guilt, innocence or punishment of the defendant. This bill is overruled.

Bill of exceptions No. 4 seems to be an exception to the court's refusal to grant a new trial on the ground that another person now confined in the penitentiary, Clarence Blake, told a witness, Bob Whitehead, that he, Blake stole this car from Mr. Milam, and that he would come up to Somervell County and plead guilty thereto provided that the sentence therefor would be made to run concurrently with the sentence he was already serving in the prison. There is nothing relative to this matter set up in the motion for a new trial; and it is not claimed to have been newly discovered evidence. In fact it is affirmatively shown that this witness talked to the district attorney endeavoring to bargain with the attorney prior to appellant's trial herein. We do not think the bill submits anything upon which we should be called upon to rule. In any event we see no error therein.

Bill No. 5 complains of the trial court's action in overruling the application for a continuance, denominated the second by appellant, and the third by the court. We have carefully examined such bill in the light of the record and we think the court was correct in his ruling thereon. Some of the witnesses whose attendance was desired finally appeared at the trial. Some were used and some were not used by appellant. The gist of the testimony of such absent witnesses related to an alibi, which appellant supported by present witnesses. We think the trial court was correct in his ruling thereon.

We find no error in the record, and the judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing, appellant challenges the correctness of our decision on the questions presented in his bill of exception relative to the remarks made by the district attorney in his opening argument to the jury. While Mr. Milam's

reputation was not put in issue, yet the law presumes every person to be a good and substantial citizen unless the contrary be shown.

We think this much of the argument was justified, although the remainder may not have been. Appellant, however, made a blanket objection to all of the remarks complained of in his bill. It is the well established rule that if a part of an argument is justified and part is not, then the objection should be directed specifically to the unauthorized remarks. See Gay v. State, 134 Tex. Crim. Rep., 356, 115 S. W. (2d) 929.

We have again reviewed the entire record with great care, but remain of the opinion that the conclusion reached by us, as expressed in the original opinion, properly disposed of all his contentions, and we see no need of again entering upon an extended discussion of the same questions.

The motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.