JOHN WEST RITCHIE V. STATE

No. 28,598. December 12, 1956.

No attorney for appellant of record on appeal.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted under Art. 802c, Vernon's Ann. P.C., of the offense of murder without malice, and his punishment was assessed at confinement in the penitentiary for three years.

The evidence is undisputed that the appellant, while driving his automobile upon a public highway in McCulloch County, ran into the rear of an automobile driven by Fred Appleton, and in which his wife, Ethel Appleton, was a passenger. The

evidence further shows that Mrs. Appleton was killed as a result of injuries sustained in the collision.

Witnesses called by the state, including the deceased's husband, Bill Jack Smith, the ambulance driver who carried the appellant from the scene of the collision to the hospital, Dr. James P. Anderson, the attending physician who examined appellant at the hospital, State Ranger J. A. Sikes, and Highway Patrolmen Matthews and Yearly, testified that, in their opinion, the appellant was intoxicated when they observed him after the collision.

The evidence further shows that a blood sample taken from the appellant after the collision, upon being analyzed in the laboratory of the Texas Department of Public Safety, was found to contain 15/100 of one per cent of alcohol.

The state offered in evidence a written statement made by the appellant to Ranger Sikes after his arrest, in which he described in detail his actions during the day prior to the collision, and in which he stated he had drunk eight or ten bottles of beer.

As a witness in his own behalf, appellant denied that he was drunk and testified that he had drunk only two beers before the collision.

The jury chose to accept the testimony of the state's witnesses and to reject that of the appellant, and we find the evidence sufficient to support their verdict.

The record contains appellant's objections to the court's charges, certain requested charges which were by the court refused, and fifty-four informal bills of exception reserved in the statement of facts.

We have examined the court's charge in the light of appellant's objections thereto and find no error therein. The record shows that the requested charges were refused, but no exception was reserved by the appellant to the court's action. In the absence of an exception to the court's ruling, the question of the court's refusal of the requested charges is not properly presented for review. Eldredge v. State, 162 Texas Cr. R. 282, 284 S.W. 2d 734, and Ayers v. State, 162 Texas Cr. R. 586, 288 S.W. 2d 511.

By Informal Bills of Exception Nos. 1, 20 and 25, appellant complains of the action of the court in permitting certain state's witnesses to testify that, in their opinion, he was drunk, over his objection that the same was a conclusion of the witnesses and an opinion not based upon facts for which no proper predicate had been laid.

Under the record, no error is shown in permitting the testimony. The testimony of each witness shows that he had observed the appellant and that his opinion was based upon such observations. A non-expert witness may give his opinion as to whether or not a person is intoxicated, if it be shown that the witness had the opportunity to observe the facts upon which he bases his opinion. Kendrick v. State, 156 Texas Cr. R. 97, 238 S.W. 2d 964, and Mozley v. State, 163 Texas Cr. R. 250, 290 S.W. 2d 518.

By Informal Bills of Exception Nos. 16 and 19, appellant insists that the court erred in permitting testimony that, prior to the collision, the automobile which he was driving had passed another car in a no-passing zone and another automobile at a fast rate of speed.

This testimony was admissible under our holding in the recent case of Cave v. State, 161 Texas Cr. R. 274, 107 S.W. 2d 839, wherein we held that testimony describing the manner in which the accused was driving his automobile shortly before the collision was admissible on the issue of intoxication.

Bills of Exception Nos. 35 and 36 present appellant's exceptions to certain remarks made by state's counsel in his objections to testimony sought to be elicited from appellant on his direct examination.

An examination of the bills shows that appellant made general objections to the remarks, a portion of which was proper, and did not specifically point out the objectionable portion; hence no error is shown. Cogdell v. State, 137 Texas Cr. R. 51, 128 S.W. 2d 58; and Loving v. State, 152 Texas Cr. R. 427, 214 S.W. 2d 795.

Informal Bills of Exception Nos. 26 to 34 and 47 to 50 present appellant's objections to the testimony of J. D. Chastain, Chemist and Toxicologist of the Department of Public Safety, concerning the analysis of the blood sample taken from the appellant.

The witness was permitted to describe the test used in analyzing the blood sample, testify that it was accurate, and testify to the result of the test, over appellant's objection that the same was hearsay and a proper predicate had not been laid. The witness was further permitted to testify as to the percentage of alcohol in the blood that will cause a person to be intoxicated as established by tests on human beings, the percentage of alcohol in a bottle of beer and the burning rate of alcohol by the human body, and the number of bottles of beer a person would have to consume to have a certain percentage of alcohol in his blood, over appellant's objection that no proper predicate had been laid and that the same was a conclusion and was hearsay.

We find no error in permitting the testimony. The witness was shown to be an expert and as such was qualified to testify to the results of the analysis that he made of the blood sample which, under the evidence, was sufficiently identified. Abrego v. State, 157 Texas Cr. R. 264, 248 S.W. 2d 490; Greiner v. State, 157 Texas Cr. R. 479, 249 S.W. 2d 601; and Bryan v. State, 157 Texas Cr. R. 592, 252 S.W. (2d) 184. As an expert, the witness was properly permitted to describe the test used and testify to the percentage of alcohol in the blood necessary to render a person intoxicated as based upon tests made of other human beings. Jones v. State, 159 Texas Cr. R. 29, 261 S.W. 2d 161; and Priester v. State, 161 Texas Cr. R. 436, 277 S.W. 2d 723. The witness was further qualified to testify to the percentage of alcohol in a bottle of beer, the burning rate of alcohol by the human body, and the amount of beer a person would have to consume to have a certain percentage of alcohol in his blood. Marx v. State, 161 Texas Cr. R. 401, 277 S.W. 2d 914.

Informal Bill of Exception No. 45 presents appellant's objection to the introduction in evidence of a written statement which he made to Ranger Sikes after his arrest.

Appellant admitted signing the statement, but testified that he did not know what he was signing and thought it was an accident report. Ranger Sikes testified that he gave appellant the statutory warning before he made the statement. He further testified that the appellant did not appear normal at the time because he was intoxicated, but that, in his opinion, the appellant understood what he was doing.

The court, after hearing the testimony, admitted the statement in evidence and, in his charge, instructed the jury not to

consider the same unless they believed beyond a reasonable doubt that, prior to making the statement, the appellant was duly warned, and that thereafter he voluntarily and freely made the same and understood and signed it. Under the record, no error is shown in admitting the statement in evidence. The testimony of Ranger Sikes that appellant was not normal due to intoxication did not render the confession inadmissible because there was no testimony that he was intoxicated to a degree that he did not know and understand what he was doing when he made and signed the same. Lienpo v. State, 28 Texas App. 179, 12 S.W. 588; Halloway v. State, 146 Texas Cr. R. 353, 175 S.W. 2d 258; and Vasquez v. State, 163 Texas Cr. R. 16, 288 S.W. 2d 100.

There being no uncontroverted testimony which rendered the confession inadmissible as a matter of law, the court properly admitted the same in evidence with appropriate instructions to the jury on the issue of whether the statutory warning was given, whether the same was voluntarily made, and whether appellant understood and signed the same. Sanchez v. State, 155 Texas Cr. R. 364, 235 S.W. 2d 149; and Sandoval v. State, 162 Texas Cr. R. 370, 285 S.W. 2d 222.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.