FRED JAMES LITTLE V. STATE

No. 31,364. January 27, 1960

*Cunningham, Cole & Southerland,* Bonham, for appellant.

*Boyd Newman,* County Attorney, *Richard B. Pennell,* Assistant County Attorney, Sherman, and *Leon Douglas,* State's Attorney, Austin for the state.

DICE, Judge

The conviction is for driving while intoxicated, the punishment, 3 days in jail and a fine of $50.

The evidence was undisputed that the appellant drove his automobile upon a public highway at the time and place alleged. The two arresting officers, upon being called as witnesses by the state, testified that after they arrested the appellant they could smell liquor on his breath, that he was of thick tongue, could not walk steadily, and each officer expressed his opinion that at such time the appellant was intoxicated.

As a witness in his own behalf appellant denied being intoxicated and testified that he had had nothing to drink.

Appellant's sole contention on appeal is that the court erred

in permitting the two officers to testify on their re-direct examination, over appellant's objection, that there was no doubt in their minds but that the appellant was drunk on the occasion in question. Appellant insists that the testimony should not have been permitted because it was an attempt on the part of the state to bolster the witnesses' testimony and in effect permitted the witnesses to express their personal belief on the issue of appellant's intoxication and of his guilt which was solely within the province of the jury. Appellant relies upon Clay v. State, 161 Tex. Cr. R. 351, 276 S.W. 2d 843 where it was held error to permit a sheriff to testify that he never filed on a man who he thought was not guilty because such testimony was tantamount to an expression of his personal opinion that the accused was guilty and was an improper method of bolstering his testimony.

We do not construe the testimony of the two officers of which appellant complains as being an expression of their personal belief as to appellant's guilt. The opinions expressed by them were only that the appellant on such occasion was intoxicated. Their testimony shows that the opinions were based upon their observation of the appellant. The officers were shown to be qualified to express an opinion as to appellant's intoxication. Mozley v. State, 163 Tex. Cr. R. 250, 290 S.W. 2d 518 and Richie v. State 164 Tex. Cr. R. 38, 296 S.W. 2d 551. The statement by the officers that there was no doubt in their minds as to appellant's intoxication was not bolstering their testimony but was merely the expression of their opinion that appellant was intoxicated. Such testimony did not invade the province of the jury on the issue of appellant's guilt. The contention is overruled.

The judgment is affirmed.

Opinion Approved by the Court.