## JESSE M. CARTER V. STATE

No. 33,926.   January 10, 1962
Motion for Rehearing Overruled February 21, 1962

*Billy Hall*, Littlefield, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for driving while intoxicated; the punishment, 3 days in jail and a fine of $100.

The state's evidence shows that on the night in question, Highway Patrolman Charles Skinner, in response to a call, drove to a point on U. S. Highway 385, approximately four miles north of the city of Hereford in Deaf Smith County, where a lake had covered the highway. When he arrived shortly after 11 P.M., he observed a 1959 two tone green and white Chevrolet automobile parked off the pavement in a ditch in the lake. Appellant was seated alone in the automobile behind the steering wheel and at such time was attempting to drive the vehicle from the lake. A barricade on the highway had been torn apart and there were certain tire and skid marks leading from the barricade to the automobile in which appellant was seated. An examination of

the automobile showed that it had been damaged both in the front and right rear. On the front of the car there were marks of a dark stain similar to the color of the barricade, and on one side of the car the paint was scraped and the chrome bent. It was further shown that between 10:30 and 11:00 P.M., on the night in question, a 1959 two tone Chevrolet automobile was involved in an accident on the highway in the vicinity of where the road was covered by the lake and after "side-swiping" another automobile had driven away. Highway Patrolman Skinner, in describing appellant's actions and appearance on the night in question, testified that he "couldn't walk"; that he could smell alcohol on appellant's breath and expressed his opinion that at such time appellant was intoxicated. The witness J. D. Kirkland, who accompanied Patrolman Skinner to the lake, testified that at such time he could smell alcohol on appellant; that appellant couldn't walk and expressed his opinion that appellant was intoxicated.

Appellant did not testify but called his wife as a witness who testified that he had a phobia of being alone and as a result did not drive his automobile out of town alone. Other witnesses were called who testified that they had accompanied appellant on trips because he would not drive his automobile by himself. Dr. C. N. Stapp, a chiropractor, testified that appellant had a nervous and mental condition described as a psychoneurosis. He further testified that appellant's condition was such that he was afraid of space and of being alone, and if left alone in an open space appellant could become so nervous that he could not talk or walk.

By formal Bill of Exception No. 1, appellant insists that the court erred in overruling his motion for an instructed verdict on the ground that the state had failed to prove that he operated the automobile upon a public highway. The state's evidence clearly shows that appellant was seated in the automobile alone, behind the steering wheel, attempting to drive it from the lake. Tire and skid marks led from the broken barricade on the highway to where the automobile was parked off the pavement in the ditch. Such evidence was sufficient to show that appellant drove the automobile upon the public highway as alleged. See Thomas v. State, 162 Texas Cr. Rep. 268, 283 S.W. 2d 933; Sandford v. State, 169 Texas Cr. Rep. 388, 334 S.W. 2d 184, and Harrison v. State, 171 Texas Cr. Rep. 329, 350 S.W. 2d 204. We find no error in the bill.

Formal Bill of Exception No. 2 presents appellant's objections to the court's charge. Appellant objected to the charge on the

ground that it did not submit to the jury as appellant's affirmative defense, the question raised by the evidence as to his physical and mental condition and his inability to be alone. The issue of appellant's intoxication was properly submitted to the jury. The evidence of appellant's physical and mental condition, if accepted by the jury, was not proof of such an independent fact, which if true, would entitle appellant to an acquittal. Under the record the court did not err in refusing to submit such issue to the jury. Humphrey v. State, 159 Texas Cr. Rep. 396, 264 S.W. 2d 432, and Roescher v. State, 162 Texas Cr. Rep. 335, 284 S.W. 2d 908. We have carefully examined the court's charge in light of appellant's other objections and no reversible error appears.

Formal Bill of Exception No. 3 presents appellant's contention that state's counsel committed reversible error in his closing argument to the jury when he stated: "Gentlemen, there is behind each and every criminal statute a history of public suffering because of the intentional defaults of people * * *." It is shown by the bill that appellant's objection to the argument was sustained and his motion for mistrial overruled. The argument complained of violated no mandatory statute and was not obviously prejudicial to appellant. No reversible error is presented by the bill.

We have examined appellant's informal bills of exception to the court's rulings on the admission and rejection of evidence and find no reversible error.

The court did not err in permitting the Witness Kirkland to describe the condition of the highway in the vicinity of the lake where appellant was found seated in his automobile and permitting the Witness Rojek to testify with reference to a traffic accident on the highway in the vicinity of the lake in which a 1959 two tone Chevrolet automobile was involved, over appellant's objection that his connection therewith was not shown. The state's case was one of circumstantial evidence. Such evidence was properly offered by the state and admitted by the court to show that appellant operated his automobile upon a public highway. Nor did the court err in permitting the Witness Kirkland to testify that appellant was intoxicated, over appellant's objection that he was not shown to be qualified to express an opinion. The witness testified that he observed appellant at the scene and smelled alcohol on his breath. The witness, having observed appellant's actions and appearance, was properly permitted to express his opinion as to intoxication. Mozley v. State, 163 Texas Cr. Rep. 250, 290 S.W. 2d 518.

We find no reversible error in the court's action in permitting the Witness Kirkland to testify on his re-direct examination by state's counsel that the call he received on the night in question was "* * * that there had been a side-swiped car out on the road," over appellant's objection that the same was hearsay. On his cross-examination, appellant elicited from the witness that he went to the scene in response to a call. Appellant, having first gone into and elicited from the witness the fact that he went to the scene in response to a call, entitled the state to go further into the matter on re-direct examination and show the nature and substance of the call. Art. 728 V.A.C.C.P.; Trammell v. State, 145 Texas Cr. Rep. 224, 167 S.W. 2d 171; Jones v. State, 153 Texas Cr. Rep. 345, 220 S.W. 2d 156, and Johnson v. State, 170 Texas Cr. Rep. 349, 341 S.W. 2d 170. We further observe that in view of the other evidence admitted before the jury that an automobile had been "side-swiped" in the vicinity of the lake, the testimony elicited from the witness could not have been injurious to appellant.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.