**R. A. VESTAL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39147.**

Court of Criminal Appeals of Texas.

April 6, 1966.

Rehearing Denied May 18, 1966.

Billy Hall, Littlefield, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for the subsequent offense of drunken driving, a felony; the punishment, four years in the penitentiary.

The state's evidence shows that on June 15, 1963, the appellant was stopped and arrested by city officer Wiley Hodge and deputy sheriff Augustin Sabala while driving his automobile upon a public street and highway in the city of Morton. Prior to stopping appellant, the officers observed his automobile swerving and moving "back and forth" on the highway. It was shown by the testimony of the two arresting officers that after they stopped appellant he was unsteady on his feet, his speech was slurred, and that he had the smell of liquor on his breath. Each officer expressed the opinion that at such time appellant was intoxicated. A pint whisky bottle with an inch of whisky left in it was found under the front seat of appellant's automobile.

Certified copies of the complaint, information, and judgment in Cause No. 1184, styled The State of Texas vs. R. A. Vestal on the docket of the County Court of Cochran County, were introduced in evidence and showed that on the 26th day of March, 1957, the defendant named therein was convicted of the misdemeanor offense of driving while intoxicated. Appellant was identified as the person convicted in the cause.

The defense of insanity was interposed by appellant.

Mrs. Florence Hancock, a registered nurse who was appellant's stepdaughter, was called as a witness to testify in his behalf. Mrs. Hancock testified that her stepfather was an alcoholic and that he started drinking in the year 1938, since which time and up until a few months before the date of trial he had consumed from one to three pints of whisky a day. She further stated that he had received treatment on four occasions in state hospitals—twice in 1960 at the Wichita Falls State Hospital and on two other occasions at the Big Spring State Hospital; that the diagnosis by the staff of doctors at the Wichita Falls State Hospital was that appellant had a passive-dependent and sociopathic personality, which was the cause of his being an alcoholic. Mrs. Hancock testified that in her opinion appellant was mentally ill; that he did not know what he was doing at times; and that, in her opinion, he did not know right from wrong on the date of the alleged offense.

Certain official court records (defendant's exhibit #4) were introduced in evidence by appellant, which records showed that on March 10, 1964, he was found by the County Court of Cochran County to be an alcoholic and ordered committed to the Big Spring State Hospital for treatment.

The court in his charge submitted to the jury, under appropriate instructions, the defense of insanity. The jury were further instructed as to their right to consider evidence of temporary insanity produced by the voluntary, recent use of intoxicating liquor in mitigation of the penalty, if any, to be assessed in the case.

■ We find no error in the court's refusal to include within his charge an instruction on temporary insanity as a defense, as such was not raised by the evidence.

■ The jury by their verdict found appellant guilty of the offense charged and also that he was sane on both the date the offense was committed and the date of the trial. The evidence is sufficient to sustain the judgment of conviction.

Appellant complains that the district attorney was permitted to ask a leading question when he inquired of Officer Hodge if he observed the features of appellant's face at the time of his arrest.

The question was not leading. Hence, no error is shown.

It is also contended that the proper predicate was not laid to show that the witnesses Hodge and Cloud were qualified to express their opinion that appellant was intoxicated.

■ The witnesses' testimony shows that they observed the acts and conduct of appellant. A non-expert may express his opinion as to intoxication, based upon his observation of the accused. Mozley v. State, 163 Tex.Cr.R. 250, 290 S.W.2d 518; Ritchie v. State, 164 Tex.Cr.R. 38, 296 S.W.2d 551; Carter v. State, 172 Tex.Cr.R. 95, 353 S.W.2d 458. The contention is overruled.

The contention is further made that error was committed by the court in permitting deputy sheriff Miller and officer Sabala to relate a conversation with appellant and statements made by him while under arrest.

■ The record reflects that the officers were permitted to testify that they heard appellant talking at the scene of his arrest, but they did not relate any statements made by him. The witnesses merely described how appellant talked and his manner of speech. No error is shown.

Error is urged to the court's action in admitting in evidence the complaint, information, and judgment (state's exhibits 1, 2, and 3) in the prior alleged misdemeanor conviction, on the ground that they had not been on file in the office of the district clerk for the length of time required by law.

The matter of notice to the adverse party prior to offering an official written instrument in evidence is governed by the provisions of Sec. 3 of Art. 3731a, Vernon's Ann. Civ.St., which reads:

"Such writing shall be admissible only if the party offering it has delivered a copy thereof, or so much of it as may relate to the controversy, to the adverse party a reasonable time before trial, unless in the opinion of the trial court the adverse party has not been unfairly surprised by the failure to deliver such copy."

■ It is held in a prosecution of this nature that an accused, of necessity, is charged with notice in the indictment that a copy of the misdemeanor judgment of conviction will be offered in evidence and that he is in no position to claim surprise because a copy was not furnished to him in advance of trial. Art. 3731a, V.C.S.; Hooper v. State, 160 Tex.Cr.R. 441, 272 S.W.2d 103; Turley v. State, 168 Tex.Cr.R. 363, 327 S.W.2d 580. No error is presented.

■ We find no merit in appellant's contention that the court erred in permitting the witness Miller to testify that he (appellant) was one and the same person against whom the witness filed complaint in the prior misdemeanor conviction in the County Court of Cochran County, over the objection that such fact was not alleged

in the indictment. The indictment alleged that appellant had been previously convicted of the misdemeanor offense of drunken driving, and it was incumbent upon the state to prove such allegation.

■ The informal bill to the court's action in sustaining the state's objection to a certain question propounded by appellant to his witness Mrs. Hancock presents nothing for review, in the absence of a showing as to what the answer of the witness would have been. Floyd v. State, 164 Tex. Cr.R. 50, 296 ·S.W.2d 523.

Appellant's remaining claim of error is the court's refusal to permit him to introduce in evidence as his exhibits 1, 2, and 3, certain records of the Wichita Falls and Big Spring state hospitals.

■ The records pertained to appellant's treatment as an alcoholic in the two state institutions and included reports and other instruments setting out information and statements attributed by social service workers and doctors to appellant's step-daughter, his son-in-law, and to appellant. These reports were not admissible under Art. 3737e, V.C.S., because they were not relevant. Appellant's counsel was apparently aware of this fact when he insisted that the records of the Wichita Falls State Hospital (defendant's exhibit #1) were admissible in evidence "for what they are worth."

■ The psychiatric diagnosis of appellant's mental condition in both hospitals was: (1) passive-dependent personality, (2) alcoholic addiction. This was not a defense to the offense of drunken driving.

The records, viewed most favorably to the appellant, showed that he had been treated in the two hospitals as an alcoholic but negatived any condition of psychosis. In refusing to admit the records in evidence, the court did not err.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the court.