**Carl Thomas PRESTON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42537.**

Court of Criminal Appeals of Texas.

Jan. 28, 1970.

Fred H. Dailey, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Ted Hirtz, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for the possession of heroin; the punishment, life.

In his grounds of error Nos. One and Two the appellant contends that the evidence is insufficient to show that the four cellophane envelopes contained heroin for the reason that the testimony of Chemist McDonald was hearsay in that he had no personal knowledge of the analysis of the contents of the packages and further that he was denied the right of confrontation and cross-examination of the Chemist Christian whose analysis and findings were presented by Chemist McDonald.

The qualifications of McDonald and Christian as chemists are not questioned.

Chemist McDonald testified that he was the director of the police laboratory of the City of Houston. Chemist Christian was an employee of the laboratory and worked under McDonald's direct control and supervision. McDonald first saw the packages in this case when they were removed from the locked narcotics box in the police department. McDonald further testified that Christian performed the test under his control and supervision, and he does not recall whether he actually participated in the analysis, but Christian prepared and made the report in the ordinary course of business.

A chemist under whose supervision laboratory analysis of certain specimens are made by another chemist in the laboratory may testify from records of the laboratory as to the results thereof. Mozley v. State, 163 Tex.Cr.R. 250, 290 S.W.2d 518; Kent v. State, Tex.Cr.App., 374 S.W.2d 671; Dagley v. State, Tex.Cr.App., 394 S.W.2d 179; Clifton v. State, Tex.Cr.App., 399 S.W.2d 353. Grounds of error Nos. One and Two are overruled.

Appellant urges error in the admission of the testimony of Officers Nix, Glezman, and Gonzales, showing his arrest and the search of his person and the automobile he was driving on the grounds that it violated his rights to be free from self-incrimination, unreasonable searches, and due process.

The testimony reveals that two officers were following a new automobile which had its rear license plates hanging in an unusual manner, a price tag on the window, and was weaving on the road. As the result of a police radio inquiry describing the automobile, the officers were informed that the license plates did not belong to the car and stopped it. When the car stopped, one police car stopped in front and another at the rear. As the officers approached, the appellant reversed his car knocking one police car backwards, and then he sped away while

several shots were fired including one which appeared to come from the appellant's car. After a four-mile pursuit which at times reached 100 miles per hour and included the running of one red traffic light, the appellant was apprehended. The court did not err in admitting the testimony concerning the arrest of the appellant, the search of the appellant, and the search of the car. The third ground of error is overruled.

The judgment is affirmed.