Cecil Dale **DRAKE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42565.

Court of Criminal Appeals of Texas.

Feb. 11, 1970.

Grindstaff & Grindstaff by E. C. Grindstaff, Ballinger, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for murder without malice under Art. 802c, Vernon's Ann.P.C.; the punishment, three years.

The appellant contends that the evidence is insufficient to show that he was the driver of the automobile which collided with the automobile the deceased was driving, and that the evidence also fails to show by competent witnesses that appellant was intoxicated at such time.

The testimony of Henry Stevenson (who lived alone) reveals that the appellant spent the night of November 9, with him at his house southwest of Santa Anna in Coleman County. They drank some beer during the evening. The next morning, November 10, they drank one or two beers on the way to Coleman, and about noon, they went to Brown County where they bought some beer and whiskey. Stevenson drank beer, and the appellant drank whiskey during the afternoon. Stevenson drank some mixed beer and whiskey just before they arrived in Santa Anna late in the evening, and Stevenson never remembered anything after that until he regained consciousness late on the night of November 10th. Stevenson testified that the last thing he knew the appellant was driving the car.

Everett Odom testified that while travelling east along an east-west highway just west of Santa Anna about 9 p.m., November 10th, he saw the headlights of a car approaching from the east and travelling west on the highway turn to its left across the center stripe and collide with a car which was ten or twelve car lengths ahead of him and travelling east along the highway; that the point of impact was on the south side of the center stripe; that a woman and a young girl were in the car ahead of his car; and that after the colli-

sion he saw a man lying down in the seat of the car which was travelling west, and he talked with another man at the scene who said he was in the car travelling west. But due to trying to render aid, he did not have an opportunity to observe the man's condition as to sobriety. Odom identified the appellant at the trial as the man he talked to at the scene.

Mike Brown, an employee of a service station in Santa Anna, testified that appellant drove an automobile into the station for servicing and then the appellant and Stevenson entered an adjoining cafe where they stayed thirty or forty-five minutes. When they left the station, the appellant was driving. Appellant had been drinking, and Stevenson was "well looped." In about twenty minutes Brown learned of an automobile collision, and he could see car lights at the scene of the collision from the service station.

The manager of the cafe adjoining the service station, Virgie Morgan, testified that the appellant and Stevenson were at the cafe when she arrived about 6:30 p.m. and that they left about thirty minutes later and that appellant smelled of alcohol and in her opinion he was intoxicated. She further testified that a woman came in the cafe about 7:15 p.m. and asked to use the telephone to report an accident.

J. A. Chambers, Texas Highway Patrolman, testified that upon his investigation of an automobile collision on an east-west highway four-tenths of a mile west of Santa Anna he found that two cars had collided head-on in the east bound lane and that the point of impact was three feet on the south side of the center stripe. The occupants of the two cars were not at the scene of the collision when he arrived. Chambers further testified that the collision was reported to him at 7:30 p.m. and from his investigation he determined that the collision occurred at 7:10 p.m. Chambers stopped the ambulance before it reached Santa Anna while it was returning from taking Stevenson to the Brownwood

hospital and talked with the appellant who had accompanied Stevenson to Brownwood. While testifying, Chambers expressed the opinion that from his observation of the appellant he was then intoxicated and arrested him.

The appellant did not testify but he called the witness, E. J. McCoy, who was at the service station when the appellant and Stevenson were there. McCoy testified that he talked with the appellant and Stevenson for twenty to thirty minutes, but he did not see any indication that the appellant had been drinking.

In support of his position that the evidence is insufficient, the appellant points out that the state failed to call Mrs. Odom, who was in the car with her husband, Everett Odom, who testified that he saw the collision. The appellant discredits Odom's testimony by arguing that Odom knew the appellant was not drunk but excused himself from so testifying because he was giving aid to those injured in the collision and was unable to determine if the appellant was drunk. Also, he asserts that the testimony of the ambulance driver, with whom the appellant rode to Brownwood, did not relate any fact or circumstance indicating appellant was drunk except that the appellant was drinking because he could smell alcohol. He further contends that the testimony of the Highway Patrolman Chambers had no probative value for the reason that he first saw the appellant who was in the ambulance when it was stopped after taking Stevenson to a Brownwood hospital, and Chambers gave no basis for his opinion that appellant was intoxicated.

The jury is the exclusive judge of the facts proved, and of the weight to be given to the testimony. Arts. 36.13 and 38.04, V.A.C.C.P.

■ From all the facts and circumstances in evidence in this case, the evidence was sufficient to authorize the jury to find that the appellant was intoxicated and driving the automobile at the time it collided with the automobile which de-

ceased was driving at the time of the collision.

Another ground urged as error is that the trial court erred in overruling his plea of former jeopardy in that he was convicted of the misdemeanor offense of operating an automobile upon a public highway while his driver's license was suspended, arising out of the same transaction.

The driving of his automobile upon a public highway while his driver's license was suspended was legally one act and offense on the part of the appellant, while that of murder without malice under Art. 802c, V.A.P.C., was another offense entirely different in character and elements. 1 Branch 2d 618, Sec. 651; 16 Tex.Jur.2d 275, Sec. 133. This ground of error is overruled.

Complaint is made of the refusal of appellant's motion on the ground that the testimony of the Highway Patrolman Chambers was insufficient relative to his being drunk on the ground that he did not see or talk with the appellant until the ambulance was stopped while returning from Brownwood.

An examination of Patrolman Chambers' testimony pertaining to appellant's intoxication shows that it was admitted without any objection. However, Patrolman Chambers testified that he had been a highway patrolman more than thirteen years and during that time had had experience with persons who were intoxicated. He further testified that he talked with the appellant at the time he stopped the ambulance in which appellant was riding and had an opportunity to observe his condition. He then expressed the opinion that appellant was intoxicated. This ground of error is overruled.

In his sixth ground of error the appellant complains of the conduct of the trial court in calling the district attorney to the bench and having a whispered conversation with him.

What was said in the conversation is not shown. No objection appears in the record to such conversation. This matter is not presented by either formal or informal bill of exception. Hence, nothing is presented for review. This ground of error is overruled.

The seventh ground of error is that the state failed to prove the county in which the deceased died.

The evidence reveals that the deceased suffered a crushed chest in the automobile collision which occurred in Coleman County and that such injury caused her death. The indictment herein was returned and the case was tried in Coleman County where the fatal injury occurred. Art. 13.-10, V.A.C.C.P. This ground of error is overruled.

Error is urged on the ground that the state is bound by the testimony of two of its witnesses who testified that the appellant told them he was not driving the car at the time of the collision.

The court charged the jury that unless the state disproved the exculpatory statements beyond a reasonable doubt to acquit the appellant. This ground of error is overruled. 1 Branch 2d 105, Sec. 95; 31 Tex.Jur.2d 697, Sec. 128.

There was other testimony introduced as shown by the summary herein of the state's evidence which was sufficient to disprove those statements.

The judgment is affirmed.