Lee LANDIN, Appellant,

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 17751.

Court of Civil Appeals of Texas, Dallas.

Dec. 30, 1971.

Robert E. Alexander III, Hernandez, Cazorla & Alexander, Inc., Dallas, for appellant.

Henry Wade, Dist. Atty., John F. Lubben, III, Asst. Dist. Atty., Dallas, for appellee.

BATEMAN, Justice.

Lee Landin appeals from the judgment of the trial court affirming the suspension by the Texas Department of Public Safety of Landin's Texas Operator's License and Driving Privileges.

The evidence shows without dispute that Landin was stopped on September 27, 1970 by two law enforcement officers who had observed him driving his car from one side of the road to the other; that Landin had a "very strong alcoholic breath," and a "swaying balanced, staggering walk, had to be helped whenever he walked," and had "slurred speech and confused." He was then placed under arrest for investigation of driving while intoxicated, negligent collision and no operator's license. One of the arresting officers testified that, although Landin stated that he wasn't drunk, he appeared to the officer "to be pretty drunk * * * from his actions, the way

he talked, and the smell of alcohol on his breath." At the police station the officer requested that Landin take "a chemical breath test" to determine the alcoholic content of his blood, and in connection therewith he was read a warning that, as provided in the Texas Penal Code, his driver's license and driving privileges might be suspended for one year if he refused to take the test; that he had the right, in addition to the test, to have a physician, chemist, qualified technician or professional nurse of his own choosing to administer a chemical test or tests within two hours. Landin refused to take the chemical breath test, after which he was offered a blood test, which he also refused.

A certified copy of Landin's driving record was introduced without objection, from which it appears that his operator's license was suspended for a period of nine months effective December 1, 1970, "upon affirmative finding as provided in Article 6687b, Vernon's Ann.Rev.Civ.St., Section 22, Article 802f, Vernon's Ann.P.C., by the Judge of the Municipal Court, Dallas County, Texas, that Lee Landin refused to submit to a chemical breath test."

Landin did not testify at the trial in the county court at law.

Tex.Pen.Code, Vernon's Ann., art. 802f, sometimes called the "implied consent law," was enacted by the 61st Legislature, Ch. 434, p. 1468. Pertinent parts of Sections 1 and 2 of that statute, as they existed at the time of the occurrence here in question * were as follows:

"Section 1. Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of this Act, to a chemical test, or tests, of his breath for the purpose of determining the alcoholic content of his blood if arrested for any offense arising out of acts alleged to have been committed while a person was driving or in actual physical control of a motor vehicle while under the influence of intoxicating liquor. * * *

"Sec. 2. If a person under arrest refuses, upon the request of a law enforcement officer, to submit to a chemical breath test designated by the law enforcement officer as provided in Section 1, none shall be given, but the Texas Department of Public Safety, upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways of this State while under the influence of intoxicating liquor and that the person had refused to submit to the breath test upon the request of the law enforcement officer, shall set the matter for a hearing as provided in Section 22(a), Chapter 173, Acts of the 47th Legislature, Regular Session, 1941, as amended (Article 6687b, Vernon's Texas Civil Statutes). If, upon such hearing, the court finds that probable cause existed that such person was driving or in actual physical control of a motor vehicle on the highway while under the influence of intoxicating liquor at the time of the arrest by the officer, the Director of the Texas Department of Public Safety shall suspend the person's license or permit to drive, or any nonresident operating privilege for the period ordered by the court, but not to exceed one (1) year. * * *"

By the said statute another ground for suspension of drivers' licenses is added to those listed in Article 6687b, Section 22(b). The two statutes, one criminal and the other civil, must be considered together for the procedure, including the original hearing as well as the appellate procedure, is governed by Article 6687b, V.A.C.S., per specific references in Article 802f, V.P.C.

* Sections 2 and 3 of the statute were amended by the 62nd Legislature, effective June 7, 1971, which was after the occurrence in question here.

The parties stipulated at the trial that on January 15, 1971 Landin pled guilty to the charge of driving while intoxicated on the occasion in question here, received a fine of $150 and was given thirty days in jail, and that the jail time was probated for one year.

Landin does not question the validity or applicability of either of the said statutes or the regularity of the proceedings. He only contends that the judgment is contrary to the great weight and preponderance of the evidence. This contention is based upon two grounds: (1) that the evidence showed that he was too drunk to know what he was doing when he refused to submit to the chemical breath test, and (2) that the warning above mentioned was not read to him in Spanish, which was the only language he understood.

■ As to the first contention, it is noted that the trial court in its judgment found that all prerequisites of the law had been complied with and that the appellee's order of suspension should be held in full force and effect for 12 months commencing on April 2, 1971, the date of the judgment. There was ample evidence, as shown by the above summary, to support those findings and the judgment. The evidence leaves no room for doubt that Landin was driving and in actual physical control of his motor vehicle while under the influence of intoxicating liquor; in fact, he does not now dispute this. There was also undisputed testimony that after the warning was read to him he was asked if he understood it and that he said he did. We see no evidence in the record to indicate that he was so far under the influence of intoxicants that he was not fully aware of what he was doing when he refused to submit to the test. Jones v. State, 159 Tex.Cr.R. 29, 261 S.W.2d 161 (1953); Ritchie v. State, 164 Tex.Cr.R. 38, 296 S.W.2d 551, 554 (1956); Halloway v. State, 146 Tex.Cr.R. 353, 175 S.W.2d 258 (1943).

■ The second contention is that he did not knowingly refuse to take the chemical breath test since he was a Mexican-American and the warning and request were not made in Spanish but in English, which he could not understand. However, there is no evidence in the record that he could not understand English, or that in truth he did not understand either the warning or the request for a chemical breath test, or that for any other reason his refusal to take the test was made unknowingly or without due warning as to his rights in the premises and the probable results of his refusal.

Landin cites Hearn v. State, 411 S.W.2d 543 (Tex.Cr.App.1967) as authority for the truism that the consent of an accused to the taking of such a test must be voluntary; but the case also holds that the fact question as to whether the consent is voluntary is for the triers of the facts. In the case at bar the trial court was the trier of the facts and impliedly found against Landin on this issue. There being competent evidence of probative force to support this finding, and no evidence to the contrary, it is binding on this court. City of Garland v. S. H. Lynch & Associates, 413 S.W.2d 480, 482 (Tex.Civ.App., Dallas 1967, no writ); Hood v. First National Bank of Panhandle, 410 S.W.2d 449, 450–451 (Tex.Civ.App., Amarillo 1966, writ ref'd n. r. e.).

All of Landin's points of error are overruled and the judgment is affirmed.