**Buford Alton JETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45388.**

Court of Criminal Appeals of Texas.

Nov. 22, 1972.

Rehearing Denied Jan. 17, 1973.

Don M. Wilson, Bill G. Thomas, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the subsequent offense of driving a motor vehicle while intoxicated. The jury assessed the punishment at eighteen months.

■ Appellant initially contends that the court erred in sustaining an objection made by the district attorney to the following statement made by appellant's counsel to the prospective jurors during voir dire examination:

"Now, this does not mean the Grand Jury has necessarily heard any testimony whatsoever. They may or may not. They are not required to hear a single witness."

As appellant states in his brief, ". . . it is well settled that a court may not look behind the return of an indictment to inquire into the character or quantum of the evidence on which the indictment was found." 27 Tex.Jur.2d, Grand Jury, Section 40, page 256. There was no attempt by the court to go behind the indictment. Appellant contends that when the trial court sustained the district attorney's objection such action constituted a comment as to the evidentiary value of the indictment. We disagree. The court sustained the objection and made no comment. This Court has held that the action in controlling the interrogation of prospective jurors on voir dire is subject to review only to ascertain whether the court abused its discretion. No abuse of discretion has been shown. Further, the court's charge specifically states, "You are further instructed that an indictment is no evidence of guilt."

■ Next, appellant complains that his cross-examination of Officer C. E. Volcik was improperly limited in scope. He contends that he was restricted when the trial court sustained the district attorney's objection to counsel's question of Officer Volcik as to whether or not beer was the weakest beverage from the standpoint of intoxication. The record does not show that Officer Volcik was qualified as a toxicologist or chemical expert. Counsel argues that if he is not qualified as such then he is not qualified to give his opinion on intoxication. We disagree. This Court has held on numerous occasions that a nonexpert witness may express his opinion as to intoxication when such opinion is based upon his observation of the appearance, acts and conduct of an accused. Little v. State, 169 Tex.Cr.R. 7, 331 S.W.2d 317; Ritchie v. State, 164 Tex.Cr.R. 38, 296 S.W. 2d 551; Mozley v. State, 163 Tex.Cr.R. 250, 290 S.W.2d 518. An officer of twelve years experience is qualified to give his opinion based on such observation. See Drake v. State, Tex.Cr.App., 450 S.W.2d 625. Appellant's right to cross-examination was not improperly limited by the trial court's ruling. His second ground of error is overruled.

■ Finally, appellant alleges that the trial court erred in overruling his objection to a statement made by the district attorney in his closing argument at the punishment stage of the proceedings. The statement complained of is as follows:

"What price are you going to put on a man who has eight DWI convictions and who has the gall to go into one of our Criminal Courts and misrepresent not just to the Department of Public Safety but to the Judge what his name is, and I submit it's a reasonable deduction from the evidence that it is with the blessings of his lawyer."

State's Exhibit No. 13 shows that appellant was represented by this same counsel in Cause No. CCR69-409-B in County Criminal Court No. 2 of Dallas County under the name of Jett. State's Exhibit No. 15 shows this same counsel to have represented appellant in Cause No. CCR70-1096-B in County Criminal Court No. 2 of Dallas County under the name of James Alton Leonard, the same name as found on the "driver's" license in his possession when he was arrested in the instant case. The question as to whether the statements of counsel necessitate a reversal of the

judgment is to be resolved in view of the probable effect thereof on the minds of the jury, and the facts and surroundings of the particular case must be looked to. Hess v. State, 168 Tex.Cr.R. 425, 328 S.W.2d 308. In the present case the prior convictions being discussed were in evidence and the jury could make its own deduction from the facts. Even if the remarks of counsel were improper, they were not so prejudicial as to constitute reversible error.

The judgment is affirmed.