COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
 ROBERT SADA,
  
                                    
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                                     Appellee.
 
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
 
 
  
  
                   No. 08-10-00315-CR
  
                          Appeal from
  
  227th District Court
  
 of Bexar County,
 Texas
  
 (TC # 2007CR3483
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 


                                                                  O
P I N I O N

 

            Robert Sada appeals his conviction
for aggravated sexual assault of a child. 
In three issues, Appellant complains that the trial court committed
reversible error by (1) improperly threatening defense counsel with contempt in
the presence of the jury; (2) denying his motion for new trial based on the threats
of contempt; and (3) denying his motion for new trial on the grounds that the
jury’s verdict was improperly influenced by court spectators.  For the reasons that follow, we affirm.

FACTUAL SUMMARY

            Appellant was charged by indictment
with eight counts of aggravated sexual assault of his granddaughter, M.S.  He pled not guilty and the case proceeded to
trial.  The jury found him guilty on all
counts in the indictment and assessed punishment at fifty years’
imprisonment.          Appellant filed a motion for new trial predicated on three
different grounds.  First, he argued that
he was denied effective assistance of counsel because the trial judge threatened
to hold his attorney in contempt.  This
purportedly undermined  counsel’s
credibility in the minds of the jurors.  Second,
Appellant complained that the trial judge committed two material errors which
were calculated to injure his rights as the accused.  The first related to the trial judge’s threat
to hold defense counsel in contempt while the jury was within earshot.  The second contended the trial judge allowed M.S.
to stage an entrance into court before testifying.  Regarding this second error, the motion alleged:


When called to
the witness stand by the State, [M.S.] entered the courtroom surrounded by a
phalanx of individuals best-described as a motorcycle gang.  As she reached the bar before the Court,
[M.S.] emerged from this phalanx and took her seat at the witness stand, while
the motorcycle gang members took seats in the front row of the courtroom
immediately adjacent to the jury box. 
Each member of the motorcycle gang wore identical jackets and vests
bearing insignia unique to their organization.  Upon completion of her testimony, the
complainant staged a similar exit from the courtroom.  Defense counsel later learned that the
insignia of the motorcycle gang identified them as members of an organization
known as ‘Bikers Against Child Abuse.’  The
obvious import of this entrance and exit display was to exert an improper and
undue influence upon the jury.  By
permitting this improper display, the Court committed a material error
calculated to injure the rights of the accused. 


 

Finally,
Appellant argued the jury’s verdict was contrary to the law and evidence
because:

During the guilt-innocence
phase of trial, Defense counsel elicited testimony from the complainant,
[M.S.], that she had not been sexually assaulted by the Defendant prior to
Christmas of 2004.  Consequently, the
State was unable to prove beyond a reasonable doubt the allegations contained
in Counts I and II of the indictment, which alleged an offense ‘on or about the
28th day of December, 2003.’  Thus, the
verdict was contrary to the law and evidence. 

 

The motion
for new trial was overrule by operation of law.

THREAT OF CONTEMPT

                In Issue One, Appellant complains of the following comments made
by the trial judge to defense counsel during his cross-examination of the CPS
investigator.

THE COURT:  Can I see the attorneys up here, please. 

 

(At
the bench)

 

THE COURT:  You said that loud enough for everybody to
hear.  One more time and I will hold you
in contempt.  Sit down. 

 

MR. RAIGN
[Defense Counsel]:  You should, and I
apologize Your Honor. 

 

THE COURT:  Sit down. 

 

(End
of bench discussion)

 

THE COURT:  Anything else? 

 

MR. RAIGN:  We’re going to pass the witness, Your Honor.

 

The record does not reflect what
counsel said that was “loud enough for everybody to hear” and prompted the
bench conference.  But Appellant
complains that the threat to hold defense counsel in contempt was so
prejudicial so as to deny him his constitutional rights to a fair trial, due
process of law, due course of law, and effective assistance of counsel.  

Preservation
Of Error

            Generally, an appellant must object
to a trial judge’s comments, or other conduct, during trial to preserve error
for appeal.  Blue v. State, 41 S.W.3d 129, 131 (Tex. 2000)(plurality opinion); Tex.R.App.P. 33.1.  An accused cannot complain of error on appeal
if he fails to (1) object to any act by or remarks of the court at trial, (2) request
an instruction that the jury disregard the remarks, or (3) move for a
mistrial.  See Drake v. State, 450 S.W.2d
625, 628 (Tex.Crim.App. 1970)(where
there was no objection to trial court calling district attorney to bench and
having whispered conversation with him and there was no showing as to contents
of conversation and matter was not presented by either formal or informal bill
of exception, nothing was presented for review.).  Nevertheless, some rights are widely considered
so fundamental to the proper functioning of our adjudicatory process as to
enjoy special protection in the system.  Blue, 41 S.W.3d at 131, citing Marin v. State, 851 S.W.2d 275,
278 (Tex.Crim.App. 1993), overruled on
other grounds, Cain v. State, 947 S.W.2d 262, 264 (Tex.Crim.App. 1997).  “A
principle characteristic of these rights is that they cannot be forfeited.”  Id.  In other words, where a judge’s remarks are
of such a nature as to deprive the defendant of due process of law under the
14th Amendment, the defendant’s inaction is insufficient to waive his
rights.  Id. at 137; see Webb v. Texas,
409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972).

Analysis

            Appellant candidly acknowledges that
he did not object at trial, but he maintains that the constitutional restraints
on the comments of a judge are absolute rights which cannot be waived.  In support of his argument, he directs us to Blue and argues that the trial court’s
threat to hold defense counsel in contempt, in the jury’s presence, “was so
prejudicial as to deny Appellant his right to a fair trial, due process of law,
due course of law and effective assistance of counsel as guaranteed by the
United States Constitution and the Texas Constitution. “  Even assuming the comments at the bench conference
were made within the jury’s hearing, this does not constitute one of the “few
cases where the judge’s statements when viewed objectively are so egregious as
to render him biased.”  Blue, 41 S.W.3d at 138 (Keasler, J.,
concurring).

            In Blue, the trial judge apologized to the venire for the long wait
and explained that the delay was due to the defendant’s indecisiveness on
entering a plea agreement.  Blue, 41 S.W.3d at 130.  The judge also expressed his opinion that, “he
would have preferred that the defendant plead guilty.”  Id.  These specific comments “‘vitiated the
presumption of innocence’ before the venire, adversely affecting appellant’s
right to a fair trial,” and therefore the comments “were fundamental error of
constitutional dimension and required no objection.”  Id.
at 132.  Here, Appellant has not directed
our attention to any comment that allegedly tainted the presumption of
innocence.  See Blue, 41 S.W.3d at 132.
 He complains of a single instance where
the judge admonished defense counsel.  What
counsel said or did to prompt the bench conference cannot be discerned from the
record, and we will not speculate that the admonishment was not justified.  

            We are also guided by Joshlin v. State, 488 S.W.2d 773
(Tex.Crim.App. 1972).  There, the appellant
complained that the trial court admonished defense counsel six separate times,
telling him “not to ‘ask immaterial questions,’ quit ‘killing time’ and ‘get on
with your questions,’ ‘you are wandering all over the lot.  That’s an improper observation and question.’”  Joshlin,
488 S.W.2d at 776 (internal quotations omitted).  There were no objections lodged.  “Even if it can be argued that the matter is
properly presented for review,” said the court, the comments did not
demonstrate reversible error.  Id. 
Citing the general rule that the trial court must maintain broad
discretion in controlling the general conduct of the trial, the court opined that
if counsel’s conduct is such that it calls for repeated admonishments, “it is perhaps better practice to do so in
the absence of the jury.”  Id.

            We are presented with one
unexplained comment at a bench conference. 
We know not whether it was overheard by any juror.  See Sifford
v. State, 505 S.W.2d 866, 868 (Tex.Crim.App. 1974)(“We have considered the
Court’s admonishments and find they were fully justified by counsel’s conduct,”
where the trial judge told defense counsel to “shut up and sit down” in the
presence of the jury, and repeatedly admonished him and where only one trial
objection was made); see also Liteky v. United States, 510 U.S. 540,
554, 555-56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)(stating:  (1) “judicial remarks during the course of a
trial that are critical or disapproving of, or even hostile to, counsel, the
parties, or their cases, ordinarily do not support a bias or partiality
challenge”; (2) “[n]ot establishing bias or partiality, however, are
expressions of impatience, dissatisfaction, annoyance, and even anger, that are
within the bounds of what imperfect men and women, even . . . judges, sometimes
display”; and (3) “a judge’s ordinary efforts at courtroom administration--even
a stern and short-tempered judge’s ordinary efforts at courtroom administration--remain
immune.”). Finding no error, we overrule Issue One.

MOTION FOR NEW TRIAL

            In Issues Two and Three, Appellant complains
that the trial court denied a hearing on his motion for a new trial.  The State responds that Appellant failed to
timely present the motion to the court and therefore cannot complain on
appeal.  

Standard
of Review

            “When an accused presents a motion
for new trial raising matters not determinable from the record, which could
entitle him to relief, the trial judge abuses his discretion in failing to hold
a hearing.”  King v. State, 29 S.W.3d 556, 569 (Tex.Crim.App. 2000).  However, a defendant bears the burden of presenting
a motion for new trial to the trial court within ten days of being filed.  Gardner
v. State, 306 S.W.3d 274, 305 (Tex.Crim.App. 2009); see Tex.R.App.P. 21.6.  “The
purpose of the presentment rule is ‘to put the trial court on actual notice
that a defendant desires the trial court to take some action on the motion for
new trial such as a ruling or a hearing on it.’”  Hiatt v.
State, 319 S.W.3d 115, 122 (Tex.App.--San Antonio 2010, pet. ref’d), citing Stokes, 277 S.W.3d at 21(internal
citations omitted).  If a motion for new
trial is not timely presented, the trial court is under no requirement to
conduct a hearing.  See Tex.R.App.P.
21.6; Rozell v. State, 176 S.W.3d
228, 230 (Tex.Crim.App. 2005).  

            There are many ways to show
presentment of a motion for new trial to the trial court.  See
Hiatt, 319 S.W.3d at 122. For
example, notice may be evidenced by a judge’s signature on a proposed order or
by a hearing date set on the docket.  See Gardner, 306 S.W.3d at 305; Carranza v. State, 960 S.W.2d 76, 79-80
(Tex.Crim.App. 1998).  Regardless of the
method, “presentment” requires a defendant to go beyond simply filing the motion
with the clerk.  Stokes, 277 S.W.3d at 21, 24; Hiatt,
319 S.W.3d at 122.  The record must show
the movant actually delivered the motion to the trial court or otherwise brought
it to the court’s attention.  Carranza, 960 S.W.2d at 79.  

Analysis

            Appellant timely filed a motion for
new trial on July 8, 2010.  The record
does not contain a ruling or a proposed order bearing the judge’s
signature.  There are no docket entries
evidencing a hearing.  The only
suggestion of presentment is a recitation in the motion itself directly below
the certificate of service entitled “Certificate of Presentation” which is
signed only by Appellant’s attorney.  

I certify that I
am counsel for Defendant in this cause and that I presented this Motion for New
Trial to the trial court on July 8, 2010, within 10 days after filing it.  

 

Citing Hiatt, the State
counters that the certification of presentation is wholly insufficient.  

The case is factually similar.  There was no ruling on Hiatt’s motion for new
trial.  The trial judge’s signature did
not appear on either Hiatt’s motion or the proposed orders accompanying the
motion.  There were no entries on the
docket sheet regarding the setting of a hearing date.  Hiatt,
319 S.W.3d at 123.  Like Appellant here,
Hiatt argued that a statement in the motion for new trial -- “THE DEFENDANT HEREBY
PRESENTS THIS MOTION TO THIS HONORABLE COURT” -- was sufficient proof of
presentment.  Id.  The court of appeals
rejected his argument.  Id. at 122-23, citing Burrus v. State, 266 S.W.3d 107, 115-16 (Tex.App.--Fort
Worth 2008, no pet.); Kaluza v. State,
No. 01-07-00737-CR, 2008 WL 2465891, *3 (Tex.App.--Houston [1st Dist.] 2008, no
pet.)(mem. op., not designated for publication)(holding a “certificate of
presentation” appearing on the last page of appellant’s motion for new trial
did not establish presentment); Larue v.
State, No. 09-05-145-CR, 2007 WL 1501646, *12 (Tex.App.--Beaumont 2007,
pet. ref’d)(mem. op., not designated for publication)(holding a statement in
the motion for new trial entitled “certificate of presentment” in which
appellate counsel stated the motion was hand-delivered to the trial court
insufficient to establish presentment); Owens
v. State, 832 S.W.2d 109, 111-12 (Tex.App.--Dallas 1992, no pet.), overruled on other grounds, Davis v. State, 870 S.W.2d 43, 46 (Tex.Crim.App.
1994)(holding a “Certification of Service and Presentment” was insufficient to
establish the trial court received actual notice of the defendant’s motion for
new trial). 

            We conclude that the evidence is
insufficient to establish presentment.  Consequently,
we overrule Issues Two and Three and affirm the judgment of the trial
court.  

 

 

March 14, 2012                                               __________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish)